**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2167-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JESSIE SEPULVEDA, a/k/a JESSY
SEPULVEDA, ORTIZ CRUZ, JESSE
SANCHEZ, JOSHUA SANCHEZ, JESSIE
SEPOLVEDA, and JESSIEL SEPULVEDA,

    Defendant-Appellant.

_____

Submitted January 31, 2017 – Decided February 28, 2017

Before Judges Reisner and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 05-09-3493.

Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Robin A. Hamett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jessie Sepulveda appeals from a December 4, 2015 order denying his petition for post-conviction relief (PCR). In a lengthy oral opinion issued on the same date, the PCR judge found that the petition was untimely under Rule 3:22-12, and that one of defendant's contentions was barred by Rule 3:22-5. However, the judge also thoroughly considered and addressed the merits of all of defendant's PCR arguments.

In 2008, defendant was convicted of first-degree murder of a child under the age of fourteen, N.J.S.A. 2C:11-3(a)(1), (2), and associated offenses, and was sentenced to a term of life in prison without parole. The trial evidence was discussed at length in our opinion affirming his conviction on direct appeal, State v. Sepulveda, A-1024-10 (App. Div. Oct. 28, 2013), and in the PCR judge's opinion.

In summary, two eyewitnesses testified that defendant shot a twelve-year-old boy, in an unprovoked attack. One of the eyewitnesses also testified that defendant later tried to intimidate him into not testifying against defendant at the trial. As corroboration, this witness produced letters which, he stated, were written by defendant. A third witness, who was the brother of one of the eyewitnesses, testified that defendant admitted to him that he killed the victim.

The defense did not present witnesses. Instead, defense counsel sought to discredit the two eyewitnesses by eliciting admissions that they were both drug dealers, and by asserting that they had obtained lenient plea agreements in return for their testimony. The defense also argued to the jury that one of the eyewitnesses was actually the shooter. Because the eyewitnesses were involved in dealing drugs with defendant, the defense strategy necessarily involved placing before the jury the fact that defendant was also involved in selling drugs. In fact, during jury selection, defense counsel acknowledged that he was likely to pursue that strategy and that he understood that the jurors needed to be questioned to be sure they could be fair despite hearing the information about defendant selling drugs.

On his direct appeal, defendant raised the following issues, which included the prejudicial effect of the jury hearing about defendant's other crimes and one reference to his prior incarceration:

> POINT I: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF, IN PART, UPON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-12.
>
> POINT II: THE TRIAL COUTR ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE

FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.

A. THE PREVAILING LEGAL PRINCIPLES OF INEFFECTIVE ASSISTANTCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO OBJECT TO THE HIGHLY PREJUDICIAL AND CLEARLY INADMISSIBLE TESTIMONY ELICITED BY THE STATE INDICATING THE DEFENDANT HAD PREVIOUSLY BEEN INCARCERATED.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO OBJECT TO TESTIMONY ELICITED BY THE STATE INDICATING THE DEFENDANT WAS INVOLVED IN THE DISTRIBUTION OF DRUGS, AS WELL AS BY AFFIRMATIVELY ELICITING SIMILAR TESTIMONY DURING CROSS-EXAMINATION OF SEVERAL STATE'S WITNESSES.

POINT III: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-5.

We rejected those arguments, noting that eliciting the information about drug dealing was part of the defense strategy. We also concluded that any error by the court in failing to sua sponte give the jury limiting instructions "was nevertheless

harmless because the evidence against Sepulveda was overwhelming."

Sepulveda, supra, slip op. at 8.

In his PCR petition, defendant raised similar arguments, couched in terms of the alleged ineffectiveness of his trial counsel in either eliciting the information or in failing to object to it. As previously noted, the PCR judge rejected those arguments in a thorough oral opinion.

On this appeal, defendant raises the following issues:

> POINT I:  THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF, IN PART, UPON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-12
>
> POINT II: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL
>
> > A.  THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF
> >
> > B.  THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO OBJECT TO THE HIGHLY PREJUDICIAL AND CLEARLY INADMISSIBLE TESTIMONY ELICITED BY THE STATE INDICATING THE DEFENDANT HAD PREVIOUSLY BEEN INCARCERATED
> >
> > C.  THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM

TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO OBJECT TO TESTIMONY ELICITED BY THE STATE INDICATING THE DEFENDANT WAS INVOLVED IN THE DISTRIBUTION OF DRUGS, AS WELL AS BY AFFIRMATIVELY ELICITING SIMILAR TESTIMONY DURING CROSS-EXAMINATION OF SEVERAL WITNESSES

POINT III: THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-5

We agree with defendant that in this case, Rule 3:22-5 did not bar the arguments raised in his petition because defense counsel's alleged ineffectiveness in eliciting prejudicial information is a different issue from the trial judge's alleged error in failing to give a limiting instruction about that information. See State v. Afanador, 151 N.J. 41, 51 (1997). However, we conclude that the PCR judge reached the correct result, because defendant's underlying arguments are without merit. After reviewing the trial transcript, we find that defense counsel did a zealous, thorough and effective job of representing defendant. We cannot conclude that defense counsel rendered ineffective assistance, merely because his chosen strategy was unsuccessful. See State v. Echols, 199 N.J. 344, 358 (2009). Additionally, in light of the State's overwhelming evidence of defendant's guilt, even if defendant could establish the first Strickland prong -

ineffective assistance - he could not establish the second prong - that counsel's errors prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984).

With the exception noted above, we affirm for the reasons stated by the PCR judge. Defendant's appellate contentions do not warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION